PEOPLE, PLAINTIFF AND APPELLEE, *v.* ALONSO, DEFENDANT AND APPELLANT.

Appeal from the District Court of San Juan, Section 2, in a Prosecution for Violation of the Excise Tax Law.

No. 1163.—Decided May 4, 1917.

INFORMATION—EXAMINATION OF WITNESSES—MATERIAL DEFECT.—Failure to show that the witnesses were examined by the district attorney does not constitute a defect which materially affects the rights of the defendant, and the omission should be pleaded in the lower court to entitle it to consideration on appeal.

INTERNAL REVENUE—CIGARS IN STOCK—REVENUE STOCK-BOOK.—An information charging that the defendant unlawfully, wilfully and maliciously had in his commercial establishment a number of manufactured cigars, which are taxable under the law, without having paid the taxes due thereon or entered the same in the licensed manufacturer's revenue stock-book, manifestly comes under the provisions of section 22 of the act entitled "An Act to amend Chapter II, Title IX, of the Political Code and to repeal certain sections of the Penal Code, and for other purposes," approved March 9, 1905, as amended by Act No. 55 of March 9, 1911.

The facts are stated in the opinion.

*Messrs. Texidor* and *Martínez Alvarez* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal from a judgment of the District Court of San Juan, Section 2, of December 16, 1916, convicting Blas Alonso of a violation of the Excise Tax Law and sentencing him to pay a fine of $100, or to one day's imprisonment for each dollar of said fine.

The appellant bases his appeal on the grounds (1) that the information does not state that the witnesses were examined by the *fiscal*, as required by section 72 of the Code of Criminal Procedure; (2) that the information as laid does not set forth the facts necessary to determine the existence of the public offense with which the defendant was charged, as defined by section 22 of the act relating to the matter.

As to the first ground alleged, we have held repeatedly that failure to state that the witnesses were examined by the *fiscal* is not a defect which materially prejudices the rights of the defendant, and that such omission must be pleaded previously in the lower court in order to be considered on appeal. This was not done in the present case. *People v. Acosta,* 8 P. R. R. 557; *People v. Aponte et al.,* 9 P. R. R. 345; *People v. Rivera,* 9 P. R. R. 395; *People v. Alomar,* 10 P. R. R. 282; *People v. Rodríguez,* 12 P. R. R. 176; *People v. Ayala,* 13 P. R. R. 195; *People v. Morales, alias Yare Yare,* 14 P. R. R. 227. See also the cases of *People v. Girón, ante,* p. 34, and *People v. Paris, ante,* p. 103.

As to the second ground of appeal, the information shows that "in Santurce, which forms a part of the judicial district of San Juan, on or about the 14th day of January, 1916, Blas Alonso, unlawfully, wilfully and maliciously had in his store a number of manufactured cigars, an article of merchandise subject to taxation under the law, on which he had not paid the corresponding tax, nor had entered the same in the licensed manufacturers' revenue stock-book."

Section 22 of the Act entitled "An Act to amend Chapter II of Title IX of the Political Code and to repeal certain

sections of the Penal Code, and for other purposes," approved March 9, 1911, reads as follows:

"Every person who possesses or has on his business premises or any premises contiguous thereto or connected therewith, or has on any premises under his control, any merchandise subject to tax by the provisions of this Act on which such tax has not been paid except such as are duly entered in the licensed manufacturers' revenue stock-book, shall be guilty of a misdemeanor and shall for the first offense thus committed be fined not less than one hundred dollars nor more than five hundred dollars, or be imprisoned for not less than one month nor more than one year.   *   *   * "

A perusal of the information easily suffices to show that the facts therein set forth clearly come within the punitive sanction transcribed.

The judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.